Dear Mr. Rosenberg:
You have requested our opinion on whether the Orleans Parish School Board (Board) may use the provisions of the Public Bid Law dealing with emergencies to contract for roof and other repairs made necessary by the extensive damage caused by the hail storm of January 23, 2000. You indicate that adjusters retained by the Board have recently completed negotiating claims with the Board's insurer, providing the funds needed to pay for these repairs.
As you are aware, the definition of an emergency in the Public Bid Law is very narrow. R.S. 38:2211A(6) provides:
 An "emergency" means an unforseen mischance bringing with it destruction or injury to life or property or the imminent threat of such destruction or injury or as a result of an order from any judicial body to take any immediate action which requires construction or repairs absent compliance with the formalities of this Part, where the mischance or court order will not admit of the delay incident to advertising as provided in this Part. . . .
The damage caused by the hail storm of January 23, 2000 may well have constituted such an "unforseen mischance" when it occurred over eighteen months ago, but if those repairs have not yet been made it is difficult to now find emergency circumstances in the original hail damage. Apparently the lack of funds to pay for the repairs required delay until insurance proceeds became available, as they now have.
Your letter points out that classes will be resuming in some of the damaged structures in mid-August and that water intrusion problems have led to mold which creates air quality concerns and puddling which is a safety hazard, not to mention a distraction in a learning environment. The damaged buildings should be reviewed on a case by case basis and those specific instances where health or safety risks for your students have resulted can now be dealt with using the emergency provisions in La.R.S. 38:2212D. This requires only that the Board declare such a project to be an emergency and advertise that declaration within ten days of its adoption by the Board. Contracts for remedial repairs can be negotiated at any time after the Board makes the declaration and without advertising and sealed bids.
Such emergency contracts should not be used for those repairs which are not required for imminent safety and health reasons and which can be delayed a few weeks longer to comply with the delays required by the public bid process.
I trust that this answers your inquiry. Please let us know if we can be of any further assistance in this matter.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ GLENN R. DUCOTE Assistant Attorney General
RPI/GRD:kf
DATE RELEASED: August 2, 2001